# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| HOPE MARIAN REDINGER, | : | |
| Plaintiff, | : | |
| vs. | : | CA 20-0204-MJ-MU |
| MAGIC CITY ORGANICS, LLC, | : | |
| Defendant. | | |

## **ORDER**

The undersigned entered an order on April 7, 2020, instructing the Plaintiff to advise the Court why this case should not be dismissed or, otherwise, transferred to the Southern Division of the Northern District of Alabama in accordance with 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). (Doc. 4, at 2). In response, Plaintiff simply requests that the Court transfer this case "to the Southern Division of the Northern District of Alabama[.]" (Doc. 5).

This is a copyright infringement action (*see generally* Doc. 1) and while the Complaint contains Plaintiff's specification that 28 U.S.C. § 1391(b)[1] confers venue (Doc. 1, ¶ 4), in an action such as this, venue is proper "in the district in which the

---

[1] "A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *Id.*

defendant or his agent resides or may be found." 28 U.S.C. § 1400(a); *see North American Med. Corp. v. Axiom Worldwide, Inc.,* 2009 WL 10673377, *2 (N.D. Ga. Jan. 14, 2009) (finding 28 U.S.C. § 1400(a) governs venue in copyright infringement actions, not the general venue provision in § 1391(b)). Here, based on the face of the Complaint, the Southern District of Alabama (this district) has no connection to this case; instead, the judicial district where the Defendant resides and may be found is the Northern District of Alabama,[2] as Birmingham, Alabama is the site of Defendant's regular and established place of business (Doc. 1, ¶ 6). Based on the contents of the Complaint and Plaintiff's response to the Court's April 7, 2020 Order, it is clear that Plaintiff mistakenly filed this lawsuit in this the Northern Division of the Southern District of Alabama, when it was her intent, instead, to file suit in the Southern Division of the Northern District of Alabama. (*See* Doc. 5).

In light of the foregoing, it is apparent that the Southern Division of the Northern District of Alabama, is a district "in which [this case] could have been brought." 28 U.S.C. § 1406(a). Accordingly, it is **ORDERED** that this action be **TRANSFERRED** to the Southern Division of the Northern District of Alabama, in accordance with 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses and in the interests of justice. *See Kidwell v. Arison,* 2013 WL 3927822, *1 (S.D. Fla. Jul. 24, 2013) ("A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division 'in which it could have been brought.' . . . The Eleventh Circuit has recognized the court's ability to raise the issue of defective venue *sua sponte*, but

---

[2] The Southern Division of the Northern District of Alabama comprises the counties of Blount, Jefferson and Shelby and court for this division "shall be held at Birmingham." 28 U.S.C. § 81(a)(3).

limited the court's ability to dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. *Lipofsky [v. New York State Workers Compensation Board]*, 861 F.2d [1257,] 1259 [(11th Cir. 1988)] (stating 'a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.') ***The Lipofsky court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a)***." (emphasis supplied)).

**DONE** and **ORDERED** this the 23rd day of April, 2020.

                                         s/P. Bradley Murray
                                        **UNITED STATES MAGISTRATE JUDGE**